IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:12-cr-185-L |
| KENNEDY GITHAIGA WANYOIKE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Kennedy Githaiga Wanyoike has filed a request [Dkt. No. 48] for reconsideration of the Court's orders denying his motion for appointment of counsel on appeal [Dkt. No. 45] and denying his motion for extension of time in which to file a notice of appeal [Dkt. No. 47]. District Judge Sam A. Lindsay has referred the motion for reconsideration to the undersigned magistrate judge to submit proposed findings and recommendations for disposition of the motion. *See* Dkt. No. 49. For the reasons stated herein, the Court should construe the instant motion as a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255.

**Background**

Defendant was charged by a federal grand jury with one count of conspiracy to defraud the government with respect to claims involving income tax returns. *See* Dkt. No. 1. He entered a plea of guilty to the charge pursuant to a plea agreement and judicial confession. *See* Dkt. Nos. 23 & 27. By judgment entered September 25, 2013, Defendant was sentenced to 37 months in prison to be followed by one year of supervised release. *See* Dkt. No. 42.

On December 9, 2013, Defendant filed a motion for appointment of counsel on appeal. *See* Dkt. No. 44. The motion was denied because the deadline for filing a notice of appeal, October 9, 2013, had passed. *See* Dkt. No. 45. Defendant filed a notice of appeal on February 10, 2014 [Dkt. No. 46] that was construed as a motion to extend the time for filing a notice of appeal and denied by the Court on February 20, 2014 [Dkt. No. 47].

In the instant motion, Defendant alleges that his notice of appeal was untimely due to ineffective assistance of counsel and that, because of counsel's ineffectiveness, he is entitled to equitable tolling of the appellate filing deadline. Specifically, Wanyoike alleges that he asked counsel to file a notice of appeal on the same day that judgment was entered and that counsel failed to comply with his request. Although Defendant has submitted this ground for relief in the form of a letter, the undersigned concludes that, based upon the claim presented, the correspondence should be construed as a motion brought under 28 U.S.C. § 2255.

**Legal Standards**

28 U.S.C. § 2255 provides four grounds that justify relief for federal prisoners who challenge the imposition or length of their sentence:

(1) the sentence was imposed in violation of the Constitution or laws of the United States;

(2) the Court was without jurisdiction to impose such sentence;

(3) the sentence was in excess of the maximum authorized by law, or;

(4) the sentence is otherwise subject to collateral attack.

-2-

Section 2255 provides the primary means of collateral attack on a federal sentence. *See Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990). "Relief under this section is warranted for any error that 'occurred at or prior to sentencing.'" *Id.* (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). However, Section 2255 does not mandate habeas relief to all who suffer trial errors. *See United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981). It is limited to grounds of constitutional or jurisdictional magnitude, *see Limon-Gonzalez v. United States*, 499 F.2d 936, 937 (5th Cir. 1974), and for the narrow spectrum of other injury which "could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice," *Capua*, 656 F.2d at 1037.

## Analysis

Defendant's claim of ineffective assistance of counsel with regard to filing his notice of appeal falls within the scope of Section 2255. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that the Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel). "A claim of ineffective assistance of counsel for failing to timely file a notice of appeal is properly asserted in a § 2255 motion and the remedy is an out-of-time appeal." *United States v. Bernal*, No. 13-40201, ___ F. App'x ___, 2014 WL 54847, at * 2 (5th Cir. Jan. 8, 2014). And, where the United States Court of Appeals for the Fifth Circuit has "required a district court to recharacterize as a § 2255 motion a request for an out-of-time appeal that in substance brought an ineffective assistance of counsel

claim," Wanyoike's *pro se* motion should be liberally construed as a Section 2255 motion. *Id.*

Because Wanyoike did not indicate that he intended to file a Section 2255 motion, the Court should give the warnings discussed by the United States Supreme Court in *Castro v. United States*, 540 U.S. 375 (2003). In *Castro*, the Supreme Court held that a district court should not recharacterize a *pro se* post-conviction motion as a first Section 2255 motion absent notice and warning to the Defendant as to the consequences of that recharacterization. *See Castro*, 540 U.S. at 383.

## Recommendation

Pursuant to *Castro*, the Court should advise Defendant that the instant motion is recharacterized as a motion filed under 28 U.S.C. § 2255 and that any Section 2255 motion he files in the future will be subject to the restrictions imposed on second or successive motions. *See* 28 U.S.C. § 2244(b)(3)(A); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The Court should give Wanyoike the opportunity to withdraw the motion or amend the recharacterized motion so that the motion contains all of the grounds for relief that he believes he has available under Section 2255. The Clerk of Court should be directed to open a new civil action (nature of suit code 510, motion to vacate, set aside, or correct sentence) and directly assign the Section 2255 action to the undersigned magistrate judge for automatic referral and further consideration.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 24, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE