IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. **3:12-CR-185-L** |
| | § | |
| **KENNEDY GITHAIGA WANYOIKE** | § | |

## ORDER

Before the court is Defendant's request for reconsideration (Doc. 48) of the court's orders denying his Motion for Appointment of Counsel on Appeal and motion to extend the time for filing an appeal.. Defendant's request for reconsideration was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 24, 2014, recommending, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), that the court recharacterize Defendant's motion as one filed under 28 U.S.C. § 2255 and advise him that any Section 2255 motion he files in the future will be subject to the restrictions imposed on second or successive motions. The magistrate judge further recommended that the court direct the clerk to open a new civil action and permit Defendant to withdraw or amend the recharacterized motion to assert any and all grounds that he believes he has available to him under Section 2255. No objections were filed to the Report; however, Defendant did file a Request for an Update (Doc. 53) on June 2, 2014.

After reviewing the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **construes** Defendant's motion as one filed pursuant to Section 2255, and advises Defendant that any Section 2255 motion that he files in the future will be subject to the restrictions imposed on second or

Order – Page 1

successive motions. *See* 28 U.S.C. § 2244(b)(3)(A); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The clerk of the court **shall** open a new civil action (nature of suit code 510, motion to vacate, set aside, or correct sentence) and directly assign the Section 2255 action to the Magistrate Judge Horan for automatic referral and further consideration. To avoid any confusion in directing Defendant to file an amended pleading in a new civil action that has yet to be opened, the court will leave this to the magistrate judge to do after the clerk opens the new civil action. The court's acceptance of the Report moots Defendant's request for reconsideration (Doc. 48) and Request for an Update (Doc. 53), which the court **denies as moot**.

      **It is so ordered** this 5th day of June, 2014.

                                                      _____
                                                      Sam A. Lindsay
                                                      United States District Judge